IN THE DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT
WITHIN AND FOR THE COUNTY OF TETON, STATE OF WYOMING

| | |
|---|---|
| 199 EAST PEARL CONDOMINIUM OWNERS ASSOCIATION, a mutual benefit Wyoming Nonprofit corporation, | Civil Action No. 18525 |
| Plaintiff, | FILED<br>TETON COUNTY, WYOMING |
| vs. | SEP 0 1 2021 |
| ACUITY INSURANCE COMPANY, a mutual insurance company, | CLERK OF DISTRICT COURT |
| Defendant. | |

## COMPLAINT

Plaintiff, 199 East Pearl Condominium Owners Association, a mutual benefit Wyoming Nonprofit corporation, by and through his undersigned counsel, hereby states and alleges the following against Defendant, Acuity Insurance Company, a mutual insurance company:

1. Plaintiff is a mutual benefit corporation charged with the obligations of a homeowners' association for a common area commonly known as 199 East Pearl Condominiums.

2. Defendant is a mutual insurance company conducting business in the state of Wyoming.

3. Jurisdiction is proper in this Court pursuant to WYO. CONST. Art. 5, § 10 and Wyo. Stat. Ann. § 5-1-107.

4. Venue is proper in this Court pursuant to Wyo. Stat. Ann. § 1-5-107.

5. Defendant holds itself out to members of the public, such as Plaintiff, as an insurance company having special experience and knowledge in insuring condominiums. In fact, Defendant in its actual policy language holds itself out as "specializing in insurance for condominiums."

6. Defendant issued one or more Policies of Insurance ("Policies") to and for the benefit of Plaintiff insuring against a variety of perils.

7. Plaintiff and Defendant have been engaged in a series of correspondence regarding a loss caused by a water leak causing damage to the roof of the condominium. The roof leak was first reported to Defendant on or about February, 2017.

8. Defendant issued a denial of a significant portion of Plaintiff's water damage claims on or about June 29, 2020 and thereinafter denied Plaintiff's claims in the past 60 days.

9. Instead of properly adjusting and paying the claim, Defendant engaged in a series acts that delayed prompt resolution and timely resolution of Plaintiff's claim.

10. The claims of Plaintiff submitted to Defendant were clearly covered within the insuring agreement and obligations contained within Defendant's Policies.

## I. FIRST CLAIM FOR RELIEF—Declaratory Judgment

1. Plaintiff incorporates the allegations set forth in the forgoing paragraphs as if specifically set forth herein.

2. Plaintiff and Defendant have each disputed the rights and obligations under the terms and provision of one or more Policies issued to and for the benefit of Plaintiff.

3. In order to effectuate a full and complete resolution of the claims arising under the Policies, Plaintiff brings this action for Declaratory Judgment seeking to fix and determine the rights, obligations and responsibilities of the parties to the Policies. Wyo. Stat. Ann. 1-37-101 et al.

4. Defendant, as an insurer, owes one or more duties to Plaintiffs under the terms and provisions of the policies, including without limiting the generality of the foregoing, a duty and obligation to act in good faith and fair dealing at all times in its dealings with Plaintiff.

5. Plaintiff has timely and fully complied with all of its obligations under the terms of

the Policies and has satisfied all conditions precedent to bringing and commencement of this action.

6. Based upon incorrect readings of the Policies or other pretextual determinations, Defendant has failed to pay the amounts that are due and owing to Plaintiff in accordance with the terms and provisions of the Policies.

7. Plaintiff has continually supplied information to Defendant with regard to the underlying claim.

8. Despite having received more than sufficient information to fully and adequately adjust the claim, Defendant has either failed to properly adjust the claim or continues to seek further or additional information with regard to the claim instead of properly and timely adjusting and paying the claim as due.

9. Over a series of years Defendant has now determined that it would make a partial payment but denied the majority of Plaintiff's claim.

10. In order to protect itself, Plaintiff has been forced to utilize and expend its own funds and resources in paying or making arrangements to pay for loss that was clearly covered under the terms of the Policies.

11. As a direct and proximate result of Defendant's multiple breaches of the Policies, which is a contract, Plaintiff has and continues to suffer substantial and consequential damages.

12. For the above-mentioned reasons, Plaintiff is entitled to a declaration that its claim is covered under the Policies and that Defendant's denial of coverage was in bad faith.

## II. SECOND CLAIM FOR RELIEF—Breach of Insurance Contract

13. Plaintiff incorporates the allegations set forth in the forgoing paragraphs as if specifically set forth herein.

14. The Policies are contracts between Plaintiff and Defendant.

15. Plaintiff has standing to assert the claims made herein by virtue of the terms and provisions of the Policies and by virtue of its standing as a condominium association in the state of Wyoming.

16. Defendant has breached the Policies by, among other things, denying, delaying or hindering coverage under the Policies in such a way or fashion as to preclude Plaintiff from recovering the benefits to which they are entitled under the terms and provisions of the Policies.

17. Defendant is estopped to deny insurance benefits under the terms of the Policies because of its conduct and, among other things, failing to properly or adequately investigate and pay the claim(s) when it was due and owing.

18. As a direct and proximate result of Defendant's breach of the Policies, Plaintiff has suffered damages in an amount to be proven at trial including but not limited to any amounts necessary to adequately or properly repair the common elements at the condominium association.

### III.    THIRD CLAIM FOR RELIEF—Insurance Bad Faith

19. Plaintiff incorporates the allegations set forth in the forgoing paragraphs as if specifically set forth herein.

20. Pursuant to the terms and provisions of the Policies, the law in the state of Wyoming and, general common law, the Policies are a contract providing for payment of benefits in accordance with their terms.

21. Under the terms and provisions of the Policies, Defendant was obligated to furnish services, including but not limited to payments for the covered damages that have been tendered to Defendant in accordance with the terms of the Policies.

22. Defendant owed and continues to owe, non-delegable duties to deal in good faith and fair dealings with Plaintiff in its capacity as an insurer.

Page 4 of 8

23. Defendant breached its duties among other things by any one or more of the following:

   (a) Unreasonably failing to properly construe its Policies;

   (b) Unreasonably failing to investigate the underlying claim in a proper manner and failing to make payment in a reasonable and timely manner;

   (c) Unreasonably failing to settle the underlying claim or contribute in a proper proportion according to its obligations under the terms and provisions of the Policies;

   (d) Failing to act reasonably in adjustment and resolution of the underlying claim when Defendant was aware or should have been aware of its negligence;

   (e) Failing to adopt and comply with reasonable standards in connection with the investigation, resolution and adjustment of the underlying claim;

   (f) Unreasonably denying or failing to affirm coverage for the underlying claim within a reasonable time after investigation;

   (g) Unreasonably failing to make payment or repay Plaintiff within a reasonable time by which the underlying claim should have been resolved and settled;

   (h) Continuously and without basis other than pretext, unreasonably disputing matters for which there was a clear obligation of payment for the underlying claim under the terms of the Policies;

   (i) Unreasonably failing to promptly, properly or adequately provide its insureds with a reasonable explanation for its assertions and claims and failing to make payment in accordance with the terms of the Policies;

   (j) Creating artifices, pretextual decisions and otherwise engaging in a course of conduct designed and calculated to delay reasonable prompt and appropriate

resolution of the underlying claim;

(k) Unreasonably engaging in a course of conduct designed to hamper, delay, thwart and prevent the timely, reasonable or proper resolution of the underlying claim;

(l) Unreasonably failing to acknowledge its separate and independent duties and obligations to the insured under the Policies and accordance with applicable language as well as controlling law; and

(m) Defendant has undertaken this improper course of conduct and action not based upon the terms and provisions of the Policies or the laws of the state of Wyoming, but instead based upon a policy, custom and practice to avoid, delay, and prevent the meaningful, prompt, adequate and reasonable resolution of the claim for which coverage should have been provided.

24. Defendant has denied payments of benefits owed to Plaintiff under the Policies without a reasonable basis for doing so and has acted with knowledge of, or in reckless disregard of, the absence of a reasonable basis to deny payment of benefits.

25. As a direct and result of Defendant's breach of its duties of good faith and fair dealing Plaintiff has and continues to suffer damages in an amount to be proven at trial.

### IV. FOURTH CLAIM FOR RELIEF—Statutory Insurance Bad Faith

26. Plaintiff incorporates the allegations set forth in the forgoing paragraphs as if specifically set forth herein.

27. Plaintiff falls within the category of persons protected and for which the provisions of Wyo. Stat. Ann. § 26-15-124 and Wyo. Stat. Ann. § 26-13-124 were intended to protect.

28. The provisions of Wyo. Stat. Ann. § 26-13-124 create and encompass a number of duties every insurance company conducting business in the state of Wyoming must comply with.

29. Wyo. Stat. Ann. § 26-15-124 creates a continuing duty and obligation on behalf of Defendant to timely and adequately address claims made for benefits under the terms of the Policies.

30. Pursuant to Wyo. Stat. Ann. § 26-15-124, Plaintiff has been forced to file this action to recover a benefit under the terms and provisions of the Policies.

31. As herein above alleged, Defendant has failed or refused to pay the full amount of a loss covered by the Policies and Defendant's refusal was unreasonable or without cause.

32. Pursuant to the provisions of Wyo. Stat. Ann. § 26-15-124 (c) Plaintiff is entitled to recover all costs and attorney's fees together with interest at the rate of ten percent (10%) per year.

33. As herein above alleged, Defendant has, by its conduct, course of action wrongfully and unreasonably delayed or denied payment of the benefits that were made available to Plaintiff under the terms and provision of the Policies.

34. Plaintiff has and continues to suffer damages as a direct and proximate result of the conduct of Defendant.

35. In addition to any other damages or relief available, Plaintiff is entitled to recover its damages together with its costs, attorney's fees and interest thereon at a rate of ten percent (10%) per annum per year for any and all benefits under the terms of the Policies that should have been timely paid.

WHEREFORE, Plaintiff prays the Court for the following:

A. Declaratory Judgment of the Court fixing and determining the rights and obligations of the Parties under and to the Policies for damages in an amount to be demonstrated by the evidence, together with costs, attorney's fees, and interest as provided by statute;

B. Judgment be entered against Defendant in an amount to be proven at trial for bad faith breach of an insurance contract;

C. Judgment be entered against Defendant in an amount to be proven at trial for breach of contract; and

D. Attorneys' fees, costs, plus pre and post judgment interest.

DATED this 31 day of August, 2021.

DAVIS & CANNON, LLP

By: _____
Codie D. Henderson (7-4835)
Attorney for Plaintiff
40 South Main Street
P.O. Box 728
Sheridan, WY 82801
307-672-7491 (telephone)
307-672-8955 (facsimile)
*codie@davisandcannon.com*